IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Terrell Gibbs, | C/A No. 0:12-99-JFA-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America; District of South Carolina, | |
| Defendants. | |

The plaintiff, George Terrell Gibbs, ("Plaintiff"), a self-represented litigant, brings this civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff files this action complaining that he was "over imprisoned" for two days. He was arrested in the Eastern District of North Carolina on August 19, 2011 and returned to the District of South Carolina where his supervised release was revoked by United States District Judge Terry L. Wooten on October 18, 2011. Plaintiff was sentenced to four months' imprisonment with no supervised release to follow. (See United States v. Gibbs, C/A No. 4:06-cr-895-TLW-1, ECF No. 74.) Plaintiff alleges:

> according to my calculation a four month sentence that began on Aug. 19th 2011 was due to be finished on the 17th of Dec. 2011; 120 days from my date of detention on the 19th of August. I was incarcerated for a total of 122 days, which over extended and violated the sentenced [*sic*] imposed. I'd like to ask that I be compensated for being over imprisoned, as well as for my

pain and suffering, both physical and mental. With my [*sic*] permission I'd like to ask that my situation be looked into.

(Compl., ECF No. 1 at 3-4.) Plaintiff names as the only defendant "United States of America District of South Carolina" (ECF No. 1 at 1); lists the "name of the defendant" in the case as "United States of America," the "position" as "court," and the "place of employment" as "McMillan Federal Building," (Id.); and submits a proposed summons for the Defendant "US District Court of South Carolina" (ECF No. 3).

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under

PJG

§ 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

*PJG*

## DISCUSSION

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Pinkley, 191 F.3d at 399 (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3](3d ed. 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the



allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

To the extent that Plaintiff attempts to assert a claim against the United States of America and/or the United States District Court for the District of South Carolina, the claim is barred by the sovereign immunity of the United States and its agencies. The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. United States v. Mitchell, 463 U.S. 206, 212 (1983).

To the extent that Plaintiff's Complaint can be liberally construed as an attempt to assert a Federal Tort Claims Act ("FTCA") claim against the United States, the United States District Court for the District of South Carolina, and/or the Federal Bureau of Prisons ("BOP"),[1] such a claim should be summarily dismissed. Actions to recover damages for negligence of federal officials and agencies are contemplated by the FTCA, 28 U.S.C. §§ 2671 to 2680. The FTCA waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979). Notably, a suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Myers & Myers, Inc. v. U.S. Postal Serv., 527 F.2d 1252, 1256 (2d Cir. 1975); see also 28 C.F.R. § 14.2; the Standard Form 95; 28 U.S.C. § 2401(b) (a

---

[1] In United States v. Wilson, 503 U.S. 329 (1992), the United States Supreme Court held that Congress intended not to disturb the long standing practice that the authority for sentence computation was to remain with the Attorney General (delegated to the Bureau of Prisons), not the federal courts. 18 U.S.C. § 3585(b) does not authorize a district court to compute the credit for time served at sentencing.



tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

The first step in the FTCA process is an administrative filing under 28 U.S.C. § 2675(a).

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Under 28 U.S.C. § 2401, the claim must be filed within two years of the occurrence.

The BOP has adopted a Program Statement which explains, clearly and in detail, the procedure by which inmates may recover monetary damages for personal injury sustained while in custody. Program Statement 1320.06 ("Federal Tort Claims Act"), Paragraph 7 ("Filing a Claim") describes the procedure for obtaining a Standard Form ("SF-95") and filing a claim. Among the items required on the SF-95 is a "sum certain" (*i.e.*, a specific amount of money).[2] This information is mandatory, as the United States Court of Appeals for the Fourth Circuit explained in Kokotis v. U. S. Postal Serv., 223 F. 3d 275, 278 (4th Cir. 2000) (citations omitted):

---

[2] Punitive damages are not recoverable under the FTCA. See 28 U.S.C. § 2674; In re Air Crash Disaster at Charlotte, N.C. on July 2, 1994, 982 F. Supp. 1101, 1111 (D.S.C. 1997).
Page 6 of 9



> An administrative claim must be properly presented. The FTCA's implementing regulations consider a claim to be properly presented when the government receives a completed SF 95 (or other written notification of an incident), and "a claim for money damages in a sum certain . . ." 28 C.F.R.§ 14.2(a)(1999) (emphasis added); see also 39 C.F.R. § 912.5(a) (1999). Requesting a sum certain is a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over a subsequently filed FTCA suit.

Because the FTCA is a waiver of sovereign immunity, careful compliance with procedural requirements—such as filing of the administrative claim—is not only mandatory but is also "jurisdictional and may not be waived." Henderson v. United States, 785 F. 2d 121, 123 (4th Cir. 1986); see also Kielwien v. United States, 540 F. 2d 676, 679 (4th Cir. 1976). Consequently, this court lacks jurisdiction to hear an FTCA claim in the instant action because it is clear on the face of his pleading that Plaintiff has not complied with the strict provisions of the FTCA requiring that an administrative claim first be filed with the appropriate federal agency before commencement of a civil action in a district court. See 28 C.F.R. § 14.2; and the "SF-95."

Even if the Complaint in this case is liberally construed as an attempt to assert a claim pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971),[3] such a claim may not be brought against the defendant named here. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies); Global Mail Ltd. v. U.S. Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity

---

[3] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights.

Page 7 of 9



and consents to suit). Thus, to the extent that Plaintiff's Complaint attempts to state a constitutional claim against the United States, the United States District Court for the District of South Carolina, and/or the BOP, it fails to do so, and any such claim should be summarily dismissed.

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be summarily dismissed without prejudice and without issuance and service of process. See 28 U.S.C. § 1915.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 24, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).